# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case Number: 13-CR-00028-JED-35 |
| | ) | |
| CHANTZ LUCAS, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

Defendant, Chantz Lucas' *Motion to Reopen Detention Hearing*, [Dkt. 1051], is before the court for decision. The motion seeks to reopen the detention hearing to allow the court to consider allegedly new information and after considering the information release Defendant on pretrial release conditions. The court granted Defendant's motion to reopen the detention hearing and now addresses whether the allegedly new information supports releasing Defendant on conditions pending trial.

At the reopened detention hearing, Defendant made three arguments in support of his release on conditions pending trial. First, that his criminal record is not as extensive as the court believed when it ordered Defendant detained. Second, that he has very substantial family and community support. Third, that other defendants in this case with similar criminal histories were released on pretrial conditions.

### Defendant's Criminal Record

At the conclusion of the reopened hearing, defense counsel acknowledged that the Pretrial Services' Report considered by the parties and the court at the original detention hearing accurately reflected Defendant's criminal record. Thus, Defendant's first argument presents no basis to order Defendant's pretrial release on conditions.

### Family and Community Support

Substantial evidence was presented at the reopened detention hearing showing Defendant's family and community support. The court was generally made aware of similar information at the original detention hearing. That information supported the court's determination that Defendant was not a flight risk, but did not overcome the evidence that Defendant's pretrial release on conditions would pose a danger to the community. The more extensive evidence of family and community support presented at the reopened hearing does not alter the result. Defendant's prior criminal record and the strong evidence of Defendant's involvement at a high level in multi kilogram cocaine distribution supports the court's determination that Defendant's pretrial release would pose a danger to the community despite Defendant's strong family and community support.

### Comparison with Other Defendants

At the reopened detention hearing, Defendant argued that nineteen similarly situated defendants have been released in this case. The circumstances of those nineteen defendants have been reviewed. Eleven of nineteen had criminal records that were materially less extensive than Defendant. Seven of the nineteen did not have motions for detention filed by the government. Only one defendant had a similar criminal history and a motion for detention by the government. That defendant was detained after the detention hearing although that defendant was later released.

After the reopened hearing and without obtaining the court's permission, Defendant filed a supplement, [Dkt. 1202], which identified five additional defendants who were released. Of those five defendants two have materially less serious criminal records, the

detention motions were withdrawn by the government for two defendants, and one had no motion for detention filed by the government.

As the court noted at the reopened detention hearing, each defendant's case is considered based on that individual's facts and circumstances, so this type of comparison is of marginal value. However, the results of the comparison satisfy the court that Defendant Lucas is not being singled out for harsher treatment than similarly situated co-defendants.

Based upon the findings at Defendant's original detention hearing, [Dkt. 438], the findings on the appeal of the detention order, [Dkt. 552], and consideration of the evidence and argument at the reopened detention hearing, the court concludes that Defendant should remain detained.

Defendant Lucas' *Motion to Reopen Detention Hearing,* [Dkt. 1051], is GRANTED in part and DENIED in part.

SO ORDERED this 30th day of June, 2015.

_____
FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE